## HARDY v. HARDY.

5-1415                                                        313 S. W. 2d 387

Opinion delivered May 26, 1958.

*Rose, Meek, House, Barron & Nash,* for appellant.

*Frank J. Wills, Quinn Glover, Langston & Walker* and *Wayne Foster,* for appellee.

PER CURIAM. Subsequent to the opinion rendered in this case on April 7, 1958, appellant, Meriwether Wright Hardy, filed a petition, setting out that dividends and interest, which had accrued on the various stocks and bonds since the date of the trial court's decree (December 28, 1956), had been paid to appellees. Under the opinion rendered by this Court on April 7, 1958, appel-

lant was given, free from the lien claimed by appellee, Corinne Hardy, one-third of Robert L. Hardy's stocks and bonds. Appellant contends that under the result reached by this Court, she is entitled to judgment for one-third of the dividends and interest which have been paid to appellees since December 28, 1956. In Item 5 of its opinion, this Court continued in effect the trial court's order allowing appellant $262.50 per month for temporary alimony, and provided that such temporary alimony "shall remain in effect until such time as appellant's award of dower, herein set out, shall be satisfied in full."

It is conceded that the award of temporary alimony is greater than the amount of dividends and interest which appellant would have received from the stocks and bonds, if same had been divided in kind at the time of the entering of the decree. In her response to appellant's petition, appellee, Corinne Hardy, states that she "has made arrangements with said bank for the release of that portion of said securities awarded appellant free of appellee's pledge." In view of this statement by appellee, Corinne Hardy, and the facts herein enumerated, we make the following order:

The order allowing appellant $262.50 per month for temporary alimony shall remain in effect until such time as appellant's award of dower in the stocks and bonds shall be satisfied, and the making of such payments shall operate in lieu of judgment for dividends and interest that may have been paid to appellees since December 28, 1956, and in lieu of amounts that may hereafter be paid until there is a division of the stocks and bonds in kind; PROVIDED, that appellant's dower in the stocks and bonds, heretofore awarded shall be satisfied in full within 120 days from the rendition of this order; otherwise, such temporary alimony shall remain in effect and be cumulative to any dividends or interest that may accrue thereafter.

Costs in both courts against appellees.

Justice GEORGE ROSE SMITH not participating.